FILED

2014 JUL -2  PM 4: 12

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

1  John P. Schaedel (SBN 181209)
   Rebecca S. Newman (SBN 274232)
2  GONZALEZ SAGGIO & HARLAN LLP
   2 North Lake Avenue, Suite 930
3  Pasadena, CA 91101
   Telephone: (626) 440-0022
4  Facsimile: (626) 628-1725
   Jack_Schaedel@gshllp.com
5
   Attorneys for Defendants
6  Bloomingdale's Inc., Macy's, Inc.,
   and Macy's West Stores, Inc.
7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10 HUMBERTO TAPIA, an individual,          Case No.: CV 14-5163-R (AGRx)
   and on behalf of himself and all others
11 similarly situated,                     CLASS ACTION

12            Plaintiff,                    [Complaint Filed: April 4, 2014]

13    vs.                                   NOTICE OF REMOVAL OF ACTION
14 MACY'S, INC., a Delaware corporation;   UNDER 28 U.S.C. §§ 1332, 1441 and
   MACY'S WEST STORES, INC., a Delaware    1446
15 corporation; BLOOMINGDALE'S, INC., a
   Delaware corporation; BLOOMINGDALE'S
16 INC., d/b/a FORTY CARROTS; and DOES 1
   through 100, inclusive,
17
              Defendants.
18

19

20 TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL

21 DISTRICT OF CALIFORNIA AND PLAINTIFF'S COUNSEL OF RECORD:

22       PLEASE TAKE NOTICE that Defendants BLOOMINGDALE'S, INC.;

23 MACY'S, INC.; MACY'S WEST STORES, INC., and BLOOMINGDALE'S, INC.

24 dba FORTY CARROTS ("Defendants"), hereby remove the above-entitled action

25 pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, on the following grounds:

26       1.    **State Court Action**

27       Plaintiff Humberto Tapia ("Plaintiff") filed this class action against Defendants

28 in Los Angeles County Superior Court, Case No. BC541740 ("State Court Action").

1   Plaintiff purports to represent a putative class defined as:

2          [A]ll current and former non-exempt employees of DEFENDANTS

3          in the State of California at any time within the period beginning

4          four (4) years prior to the filing of this action, and ending at the time

5          this action settles or proceeds to final judgment ("CLASS

6          PERIOD").

7   Compl. at ¶5.   A true and correct copy of the Summons and Complaint (along with all

8   process, pleadings and orders served on Defendants in the instant action) are attached

9   as Exhibit A.  Defendants Macy's, Inc., Macy's West Stores, Inc. and

10  Bloomingdale's, Inc. [1] were served with the Summons and Complaint on June 2, 2014.

11          In his Complaint, Plaintiff seeks to recover alleged "wages and penalties from

12  unpaid wages earned and due" on behalf of himself and the putative class.  Compl. at

13  ¶4.  He brings nine causes of action:

14          (1)   Failure to Provide Required Meal Periods

15          (2)   Failure to Provide Required Rest Periods

16          (3)   Failure to Pay Overtime Wages

17          (4)   Failure to Pay All Wages Due to Discharged and Quitting Employees

18          (5)   Failure to Maintain Required Records

19          (6)   Failure to Furnish Accurate Itemized Wage Statements

20          (7)   Failure to Indemnify Employees for Necessary Expenditures Incurred in
            Discharge of Duties

21          (8)   Unfair and Unlawful Business Practices

22          (9)   Private Attorneys General Act Claim

23          The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1332(d)

24  (the Class Action Fairness Act or "CAFA").

25  **2.     Diversity of Citizenship Exists**

26          Plaintiff is a citizen and resident of the State of California.  Compl. at ¶1.  As

27  _____

28  [1] Defendant "Bloomingdale's, Inc. dba Forty Carrots" is not a separate entity; rather, it
is the same entity as Bloomingdale's, Inc.  Ex. B, Declaration of Linda Balicki at ¶3.

2.

1    such, Plaintiff was domiciled in the State of California as of the date of the filing of
2    the instant lawsuit, and he is thus a citizen of California.   *See, e.g., Lew v. Moss*, 797
3    F.2d 747, 750 (9th Cir. Cal. 1986).

4          Pursuant to 28 U.S.C. § 1332(c)(1), Defendants are deemed to be citizens of the
5    states in which they are incorporated and the states where their principal places of
6    business are located. Defendant Bloomingdale's, Inc. is incorporated under the laws
7    of the State of Ohio.   Ex. B, Declaration of Linda Balicki at ¶¶3-4.   Macy's West
8    Stores, Inc. is incorporated under the laws of the State of Ohio. Id. at ¶5.   Macy's,
9    Inc. is incorporated under the laws of the State of Delaware. Id. at ¶6. On April 4,
10   2014, the date on which Plaintiff filed the State Court Action, Defendants' principal
11   places of business were located in Cincinnati, Ohio and New York, New York. Id. at
12   ¶7.   The officers and senior management who direct, control, and coordinate
13   Defendants' activities primarily do so from either Cincinnati, Ohio or New York, New
14   York.  Id. at ¶7.  The primary executive, administrative, financial and management
15   functions for each of the Defendants are conducted in either Ohio or New York. Id. at
16   ¶7.

17         The defendants designated in the Complaint as Does 1-10 are fictitious
18   defendants whose citizenship is to be disregarded for purposes of removal pursuant to
19   28 U.S.C. § 1441(a).  *See also Soliman v. Philip Morris, Inc.* 311 F.3d 966, 971 (9th
20   Cir. 2002).

21         Accordingly, there is complete diversity among the parties.

22         **3.     The Amount in Controversy Exceeds $5,000,000**

23         The appropriate measure of the jurisdictional amount in controversy is "the
24   litigation value of the case assuming that the allegations of the complaint are true and
25   assuming a jury returns a verdict for the plaintiff on all claims made in the complaint."
26   *Jackson v. American Bankers Insurance Co. of Florida*, 976 F.Supp.1450, 1454 (S.D.
27   Ala. 1997), *citing Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1096 (11th Cir.
28   1994).  It is not determined by "the low end of an open-ended claim," but by "a

<div align="center">3.</div>

1    reasonable reading of the value of the rights being litigated." *Angus v. Shiley, Inc.*,

2    989 F.2d 142, 146 (3d Cir. 1993). *See also Hart v. Washington State Apple*

3    *Advertising Commission*, 432 U.S. 333, 347 (1977).

4         Moreover, when assessing the amount in controversy for purposes of CAFA,

5    the Senate Committee Report accompanying CAFA S. Rep. No. 109-14, makes clear

6    that 28 U.S.C. § 1332(d) should be "interpreted expansively." S. Rep. No. 109-14, at

7    42 (2005), *reprinted in* 2005 U.S.C.C.A.N. 3, 40 ("CAFA Senate Report").[2]

8         Although the Plaintiff does not state a specific amount of monetary relief he is

9    seeking in the Complaint, he seeks remedies on behalf of himself and the putative

10   class that include unpaid wages, interest, penalties, and reasonable attorneys' fees and

11   costs.[3] Compl. at ¶ 4, Prayer for Relief at ¶¶ 1, 3-4, 6-9. Among other theories of

12   recovery, Plaintiff has alleged that:

13        "[d]uring the CLASS PERIOD, DEFENDANTS have willfully failed to pay

14        accrued wages and other compensation to PLAINTIFF and CLASS MEMBERS

15        in accordance with Labor Code §§ 201 and 202."

16   Compl. at ¶34. Therefore, Plaintiff alleges:

17        "[a]s a result, PLAINTIFF and CLASS MEMBERS are entitled to all available

18        statutory penalties, including the waiting time penalties provided in Labor Code

19

20   [2] As stated in the CAFA Senate Report, "if a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in aggregate exceed the

21   sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case." S. Rep. No. 109-14, at 42 (2005), *reprinted in* 2005 U.S.C.C.A.N. 3,

22   40.

23   [3] The Ninth Circuit holds that attorneys' fees sought pursuant to a statute are added as part of the amount in controversy for the purposes of determining diversity

24   jurisdiction, even where such an award is discretionary. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998). Here, Plaintiff requests attorneys' fees

25   under Cal. Labor Code § 1194 and California Code of Civil Procedure § 1021.5. Compl., at Prayer for Relief ¶ 9. Both of those statutes authorize an award of

26   attorneys' fees. In addition, the CAFA Senate Report notes that "the Committee intends that a matter be subject to federal jurisdiction under this provision if the value

27   of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant and regardless of the type of relief sought (*e.g.,*

28   damages, injunctive relief, declaratory relief)." S. Rep. No. 109-14, at 42 (2005), *reprinted in* 2005 U.S.C.C.A.N. 3, 40.

4.

1     § 203, together with interest thereon, as well as other available remedies."

2 Compl. at ¶35. Plaintiff asserts that Labor Code § 203 provides that, if an employer

3 willfully fails to pay, in accordance with Labor Code §§ 201 and 202, any wages of an

4 employee who is discharged or quits, the employer is liable for waiting time penalties

5 in the amount of thirty days' wages. Compl. at ¶33. During the time period of April

6 4, 2010 through June 12, 2014, at least 5,950 terminations of non-exempt California

7 department store employees occurred at Bloomingdale's alone. Ex. C, Declaration of

8 Ramon J. Gandia at ¶5. This number does not include the Macy's employees Plaintiff

9 is seeking to represent. If, as Plaintiff alleges, Bloomingdale's alone was liable only

10 for thirty days' wages in connection with every termination of a non-exempt

11 California department store employee that occurred during the time period of April 4,

12 2010 through June 12, 2014, the amount in controversy just for Plaintiff's waiting time

13 penalty claim is at least $13,903,365.00. Id. at ¶¶5-8.

14     Notably, this figure does not include any recovery for Plaintiff's other claims

15 for relief, which include, according to Plaintiff's Complaint, unpaid wages, including

16 meal and rest period compensation, interest and other penalties for various alleged

17 wage and hour violations, as well as restitution and disgorgement of profits. Compl.,

18 Prayer for Relief at ¶¶1-4, 6-8. Nor does this figure include any recovery for

19 Plaintiff's attorneys' fees or the value of the declaratory and injunctive relief

20 requested.[4] Compl., Prayer for Relief at ¶¶5, 9-10. Therefore, based on the claims

21 Plaintiff asserts and the nature of his Complaint, it is reasonable to conclude that the

22 allegations pled—if taken at face value as required for removal analysis—give rise to

23 an amount in controversy well in excess of $5,000,000. Although Defendants reserve

24 the right and expressly intend to challenge all claims alleged, the predicates for

25

26 [4] *See In re Ford Motor Company*, 264 F.3d 952, 958 (9th Cir. 2001) (potential cost to defendant of complying with injunctive relief is included in amount in controversy for jurisdictional purposes); *Ridder Bros. Inc., v. Blethen*, 142 F.2d 395, 399 (9th Cir.

27 1944) (holding that for purposes of calculating amount in controversy, "the value of the thing sought to be accomplished by the action may relate to either or any party to

28 the action") (internal quotation omitted)).

5.

1  diversity jurisdiction under 28 U.S.C. § 1332(d)—diversity of citizenship, more than

2  $5,000,000 in controversy, and not less than 100 putative class members—clearly

3  exist.

4      **4.    <u>Venue in This Court is Proper</u>**

5        Venue is proper in this district and division because the Los Angeles County

6  Superior Court is located within the federal Central District of California and this is

7  the "district and division embracing the place where such action is pending." 28

8  U.S.C. § 1441(a).

9      **5.    <u>The Notice of Removal is Procedurally Proper</u>**

10        Defendants first determined that this case was removable on June 2, 2014, when

11  they were served with this lawsuit. This Notice of Removal is being filed within thirty

12  days of Defendants' receipt of the Summons and Complaint and therefore is timely

13  under 28 U.S.C. § 1446(b).

14        In addition, in conjunction with the filing of this Notice of Removal, Defendant

15  has notified the Los Angeles County Superior Court of the removal of this action.

16        Based on the foregoing, this action is a civil action of which the Court has

17  original jurisdiction pursuant to 28 U.S.C. § 1332(d), and is one that may be removed

18  to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.   Accordingly, Defendants

19  respectfully request that this Court proceed with this matter as if it had been originally

20  filed herein.

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

6.

1       WHEREFORE, Defendants Bloomingdale's, Inc., Macy's, Inc., Macy's West

2 Stores, Inc., and Bloomingdale's, Inc. dba Forty Carrots, respectfully request that this

3 Court exercise jurisdiction over the above-captioned action and issue such further

4 orders and processes as may be necessary herein.

5

6

7 Dated: July 2, 2014                 GONZALEZ SAGGIO & HARLAN

8                                 LLP

9

10                                 JOHN P. SCHAEDEL

11                                 REBECCA S. NEWMAN

                                  Attorneys for Defendants

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

APR 04 2014

Sherri R. Carter, Executive Officer/Clerk
By: Judi Lara, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Additional Parties Attachment form is attached.

Macy's Inc. a Delaware corporation

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

HUMBERTO TAPIA, an individual, on behalf of himself and all others similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Los Angeles Superior Court<br><br>111 North Hill Street - Central District<br>Los Angeles, California 90012-3014 | CASE NUMBER:<br>*(Número del Caso):*<br>**BC541740** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Matthew J. Matern, Esq., 1230 Rosecrans Avenue, Suite 200, Manhattan Beach CA 90266, (310) 531-1900

| DATE: 3/27/14 | SHERRI R. CARTER | Clerk, by | Judi Lara | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

APR 04 2014

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): Macy's West Stores, Inc.

   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
        ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
        ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
        ☐ other (specify):
4. ☒ by personal delivery on (date): 6-14-14

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**EXHIBIT A Page 1 of 45**

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| TAPIA v. MACY'S, INC., et. al. | |

### INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

MACY'S WEST STORES, INC., a Delaware corporation; BLOOMINGDALE'S, INC., a Delaware corporation; BLOOMINGDALE'S, INC., a Delaware corporation; BLOOMINGDALE'S INC., d/b/a FORTY CARROTS

Page ___1___ of ___1___

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

### ADDITIONAL PARTIES ATTACHMENT
**Attachment to Summons**

EXHIBIT A Page 2 of 45



**CORPORATION SERVICE COMPANY®**

## Notice of Service of Process

CHS / ALL
Transmittal Number: 12587281
Date Processed: 06/03/2014

| | |
|---|---|
| Primary Contact: | Andrea Carolan<br>Macy's Retail Holdings Inc.<br>611 Olive Street<br>St. Louis, MO 63101-1799 |
| Copy of transmittal only provided to: | Diana Obernuefemann<br>Bernita Estes<br>Velinda Dewitt<br>Nickol Washington |

| | |
|---|---|
| Entity: | Macy's West Stores, Inc.<br>Entity ID Number 2199852 |
| Entity Served: | Macy's West Stores, Inc. |
| Title of Action: | Humberto Tapia vs. Macy's Inc. |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Class Action |
| Court/Agency: | Los Angeles County Superior Court, California |
| Case/Reference No: | BC541740 |
| Jurisdiction Served: | California |
| Date Served on CSC: | 06/02/2014 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Matthew J. Matern<br>310-531-1900 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

To avoid potential delay, please do not send your response to CSC
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

EXHIBIT A Page 3 of 45



**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

null / ALL
Transmittal Number: 12588508
Date Processed: 06/02/2014

| | |
|---|---|
| Primary Contact: | Andrea Carolan<br>Macy's Retail Holdings Inc.<br>611 Olive Street<br>St. Louis, MO 63101-1799 |
| Copy of transmittal only provided to: | Bernita Estes<br>Velinda Dewitt<br>Nickol Washington<br>Diana Obernuefemann |

| | |
|---|---|
| Entity: | Macy's, Inc.<br>Entity ID Number 2199064 |
| Entity Served: | Macy's Inc |
| Title of Action: | Humberto Tapia vs. Macy's Inc. |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Class Action |
| Court/Agency: | Los Angeles County Superior Court, California |
| Case/Reference No: | BC541740 |
| Jurisdiction Served: | Delaware |
| Date Served on CSC: | 06/02/2014 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Matthew J. Matern<br>310-531-1900 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

EXHIBIT A Page 4 of 45



**CORPORATION SERVICE COMPANY®**

## Notice of Service of Process

<div align="right">

CHS / ALL
Transmittal Number: 12587539
Date Processed: 06/03/2014

</div>

| | |
|---|---|
| Primary Contact: | Andrea Carolan<br>Macy's Retail Holdings Inc.<br>611 Olive Street<br>St. Louis, MO 63101-1799 |
| Copy of transmittal only provided to: | Velinda Dewitt<br>Nickol Washington<br>Diana Obernuefemann<br>Bernita Estes |

| | |
|---|---|
| Entity: | Bloomingdale's, Inc.<br>Entity ID Number 2198990 |
| Entity Served: | Bloomingdale's, Inc. |
| Title of Action: | Humberto Tapia vs. Macy's Inc. |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Class Action |
| Court/Agency: | Los Angeles County Superior Court, California |
| Case/Reference No: | BC541740 |
| Jurisdiction Served: | California |
| Date Served on CSC: | 06/02/2014 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Matthew J. Matern<br>310-531-1900 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

| | |
|---|---|
| 1 | MATERN LAW GROUP<br>Matthew J. Matern (SBN 159798) | CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County Of Los Angeles |
| 2 | Lacey Rainwater (SBN 294710)<br>1230 Rosecrans Ave., Ste. 200 | |
| 3 | Manhattan Beach, CA 90266<br>T: (310) 531-1900 | APR 04 2014 |
| 4 | F: (310) 531-1901 | Sherri R. Carter, Executive Officer/Clerk<br>By: Judi Lara, Deputy |
| 5 | Attorney for PLAINTIFF HUMBERTO TAPIA, | |
| 6 | on behalf of himself and all others similarly situated | |

<br>

7

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

8

| | | |
|---|---|---|
| 9 | HUMBERTO TAPIA, an individual, on behalf of himself and all others similarly situated, | CASE NO.:  BC 541740 |
| 10 | | |
| | PLAINTIFF, | **CLASS ACTION** |
| 11 | | |
| | v. | **COMPLAINT:** |
| 12 | | |
| | MACY'S, INC., a Delaware corporation; | 1.  Failure to Provide Required Meal Periods |
| 13 | MACY'S WEST STORES, INC., a Delaware | 2.  Failure to Provide Required Rest Periods |
| | corporation; BLOOMINGDALE'S, INC., a | 3.  Failure to Pay Overtime Wages |
| 14 | Delaware corporation; BLOOMINGDALE'S | 4.  Failure to Pay All Wages Due to<br>    Discharged and Quitting Employees |
| | INC., d/b/a FORTY CARROTS; and DOES 1 | 5.  Failure to Maintain Required Records |
| 15 | through 100, inclusive, | 6.  Failure to Furnish Accurate Itemized<br>    Statements |
| 16 | DEFENDANTS. | 7.  Failure to Indemnify Employees for<br>    Necessary Expenditures Incurred in<br>    Discharge of Duties |
| 17 | | 8.  Unfair and Unlawful Business Practices |
| 18 | | |
| 19 | | **REPRESENTATIVE ACTION** |
| 20 | | 9.  Penalties under the Labor Code Private<br>    Attorneys General Act, as representative<br>    action |
| 21 | | |
| 22 | | **DEMAND FOR JURY TRIAL** |
| 23 | | |
| 24 | | |

Class and Representative Action Complaint

1

1         PLAINTIFF HUMBERTO TAPIA ("PLAINTIFF"), an individual, demanding a jury trial, on

2   behalf of himself and all other persons similarly situated, hereby alleges as follows:

3

4   <div align="center">**JURISDICTION AND VENUE**</div>

5       1.    The Superior Court of the State of California has jurisdiction in this matter because

6   PLAINTIFF is a citizen and resident of the State of California and MACY'S, INC., a Delaware

7   corporation, ("DEFENDANT MACY'S"), MACY'S WEST STORES, INC., a Delaware corporation,

8   ("DEFENDANT MACY'S WEST"), BLOOMINGDALE'S, INC., a Delaware corporation,

9   ("DEFENDANT BLOOMINGDALE'S"), and BLOOMINGDALE'S, INC., d/b/a FORTY

10  CARROTS, ("DEFENDANT FORTY CARROTS"), and DOES 1 through 100 inclusive (collectively,

11  "DEFENDANTS"), are citizens and residents of, and/or regularly conduct business in, California.

12  Further, no federal question is at issue because the claims are based solely on California law.

13      2.    Venue is proper in this judicial district and the County of Los Angeles, California

14  because PLAINTIFF, and other persons similarly situated, performed work for DEFENDANTS in

15  the County of Los Angeles, DEFENDANTS maintain offices and facilities and transact business in

16  the County of Los Angeles, and DEFENDANTS' illegal payroll policies and practices, which are the

17  subject of this action were applied, at least in part, to PLAINTIFF, and other persons similarly

18  situated, in the County of Los Angeles.

19

20  <div align="center">**PLAINTIFF**</div>

21      3.    PLAINTIFF is a citizen and resident of the State of California who, at times material

22  to this complaint, was employed by DEFENDANTS.

23      4.    PLAINTIFF, on behalf of himself and other similarly situated current and former non-

24  exempt employees of DEFENDANTS in the State of California at any time during the four (4) years

<div align="center">2

Class and Representative Action Complaint</div>

1  preceding the filing of this action, and continuing while this action is pending, brings this class action

2  to recover, among other things, wages and penalties from unpaid wages earned and due, including but

3  not limited to unpaid and illegally calculated overtime compensation, illegal meal and rest period

4  policies, failure to pay all wages due to discharged or quitting employees, failure to maintain required

5  records, failure to provide accurate itemized wage statements, failure to indemnify employees for

6  necessary expenditures and/or losses incurred in discharging their duties, and interest, attorneys' fees,

7  costs, and expenses.

8      5.      PLAINTIFF brings this action on behalf of himself and the following similarly

9  situated class of individuals ("CLASS MEMBERS"): all current and former non-exempt employees

10  of DEFENDANTS in the State of California at any time within the period beginning four (4) years

11  prior to the filing of this action, and ending at the time this action settles or proceeds to final

12  judgment ( "CLASS PERIOD"). PLAINTIFF reserves the right to name additional class

13  representatives.

14

15                            **DEFENDANTS**

16      6.      PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT

17  MACY'S is, and at all times relevant hereto was, a corporation organized and existing under the laws

18  of Delaware. PLAINTIFF is further informed and believes, and thereon alleges, that DEFENDANT

19  MACY'S is authorized to conduct business in the State of California, and does conduct business in

20  the State of California. Specifically, upon information and belief, DEFENDANT MACY'S maintains

21  offices and conducts business in the County of Los Angeles, State of California.

22      7.      PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT

23  MACY'S WEST is, and at all times relevant hereto was, a corporation organized and existing under

24  the laws of Delaware. PLAINTIFF is further informed and believes, and thereon alleges, that

3

Class and Representative Action Complaint

1    DEFENDANT MACY'S WEST is authorized to conduct business in the State of California, and does

2    conduct business in the State of California. Specifically, upon information and belief, DEFENDANT

3    MACY'S WEST maintains offices and conducts business in the County of Los Angeles, State of

4    California.

5         8.    PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT

6    BLOOMINGDALE'S is, and at all times relevant hereto was, a corporation organized and existing

7    under the laws of Delaware. PLAINTIFF is further informed and believes, and thereon alleges, that

8    DEFENDANT BLOOMINGDALE'S is authorized to conduct business in the State of California, and

9    does conduct business in the State of California. Specifically, upon information and belief,

10   DEFENDANT BLOOMINGDALE'S maintains offices and conducts business in the County of Los

11   Angeles, State of California.

12        9.    PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT

13   FORTY CARROTS is, and at all times relevant hereto was, a corporation organized and existing

14   under the laws of Delaware. PLAINTIFF is further informed and believes, and thereon alleges, that

15   DEFENDANT FORTY CARROTS is authorized to conduct business in the State of California, and

16   does conduct business in the State of California. Specifically, upon information and belief,

17   DEFENDANT FORTY CARROTS maintains offices and conducts business in the County of Los

18   Angeles, State of California.

19        10.   The true names and capacities of DOES 1 through 100, inclusive, are unknown to

20   PLAINTIFF at this time, and PLAINTIFF therefore sues such DEFENDANTS under fictitious

21   names. PLAINTIFF is informed and believes, and thereon alleges, that each defendant designated as

22   a DOE is in some manner highly responsible for the occurrences alleged herein, and that PLAINTIFF

23   and CLASS MEMBERS' injuries and damages, as alleged herein, were proximately caused by the

24

4

Class and Representative Action Complaint

1   conduct of such DEFENDANTS. PLAINTIFF will seek leave of the court to amend this complaint to

2   allege the true names and capacities of such DOE DEFENDANTS when ascertained.

3         11.    At all relevant times herein, DEFENDANTS were the joint employers of PLAINTIFF

4   and CLASS MEMBERS. PLAINTIFF is informed and believes, and thereon alleges, that at all times

5   material to this complaint DEFENDANTS were the alter egos, divisions, affiliates, integrated

6   enterprises, joint employers, subsidiaries, parents, principals, related entities, co-conspirators,

7   authorized agents, partners, joint venturers, and/or guarantors, actual or ostensible, of each other.

8   Each defendant was completely dominated by his, her, or its co-defendant, and each was the alter ego

9   of the other.

10        12.    At all relevant times herein, PLAINTIFF and CLASS MEMBERS were employed by

11  DEFENDANTS under employment agreements that were partly written, partly oral, and partly

12  implied. In perpetrating the acts and omissions alleged herein, DEFENDANTS, and each of them,

13  acted pursuant to, and in furtherance of, their policies and practices of not paying PLAINTIFF and

14  CLASS MEMBERS all wages earned and due, through methods and schemes which include, but are

15  not limited to, failing to pay overtime premiums; failing to provide rest and meal periods; failing to

16  properly maintain records; failing to provide accurate itemized statements for each pay period; failing

17  to properly compensate PLAINTIFF and CLASS MEMBERS for necessary expenditures; and

18  requiring, permitting or suffering the employees to work off the clock, in violation of the Labor Code

19  ("Labor Code") and the applicable Industrial Welfare Commission ("IWC") Wage Order.

20        13.    PLAINTIFF is informed and believes, and thereon alleges, that each and every one of

21  the acts and omissions alleged herein were performed by, and/or attributable to, all DEFENDANTS,

22  each acting as agents and/or employees, and/or under the direction and control of, each of the other

23  DEFENDANTS, and that said acts and failures to act were within the course and scope of said

24  agency, employment and/or direction and control.

5

Class and Representative Action Complaint

EXHIBIT A Page 10 of 45

14.   As a direct and proximate result of the unlawful actions of DEFENDANTS, PLAINTIFF and CLASS MEMBERS have suffered, and continue to suffer, from loss of earnings in amounts as yet unascertained, but subject to proof at trial, and within the jurisdiction of this Court.

## CLASS ACTION ALLEGATIONS

15.   This action is appropriately suited for a class action because:

A.   The potential class is a significant number and of all current and former employees individually would be impractical.

B.   This action involves common questions of law and fact to the potential class because the action focuses on the DEFENDANTS' systematic course of illegal payroll practices and policies, which was applied to all current and former non-exempt employees of DEFENDANTS in violation of the Labor Code, IWC Wage Orders, and the California Business and Professions Code which prohibits unfair business practices arising from such violations.

C.   The claims of PLAINTIFF are typical of the class because DEFENDANTS subjected all current and former non-exempt employees to the identical violations of the Labor Code, the applicable IWC Wage Order, and the California Business and Professions Code.

D.   PLAINTIFF is able to fairly and adequately protect the interests of all members of the class because it is in his best interests to prosecute the claims alleged herein to obtain full compensation due to the class for all services rendered and hours worked.

**CLASS ACTION**

**FIRST CAUSE OF ACTION**

**Failure to Provide Required Meal Periods**
[Cal. Labor Code §§ 226.7, 510, 512, 1194, 1197; IWC Wage Order No. 7-2001, § 11]
(Against All Defendants)

16.      PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 15.

17.      During the CLASS PERIOD, as part of DEFENDANTS' illegal payroll policies and practices to deprive their current and former non-exempt employees all wages earned and due, DEFENDANTS required, permitted or otherwise suffered PLAINTIFF and CLASS MEMBERS to take less than the 30-minute meal period, or to work through them, and have failed to otherwise provide the required meal periods to PLAINTIFF and CLASS MEMBERS pursuant to Labor Code § 226.7, 512 and IWC Order No. 7-2001, § 11.

18.      DEFENDANTS further violated Labor Code §§ 226.7 and IWC Wage Order No. 7-2001, § 11 by failing to compensate PLAINTIFF and CLASS MEMBERS who were not provided with a meal period, in accordance with the applicable IWC Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided.

19.      DEFENDANTS further violated Labor Code §§ 226.7, 510, 1194, 1197, and IWC Wage Order No. 7-2001 by failing to compensate PLAINTIFF and CLASS MEMBERS for all hours worked during their meal periods.

20.      As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, attorneys' fees, expenses, and costs of suit.

7

Class and Representative Action Complaint

1    <u>**SECOND CAUSE OF ACTION**</u>

2    **Failure to Provide Required Rest Periods**
     **[Cal. Labor Code §§ 226.7, 512; IWC Wage Order No. 7-2001, § 12]**
3    **(Against All Defendants)**

4        21.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the

5    allegations in paragraphs 1 through 20.

6        22.    At all times relevant herein, as part of DEFENDANTS' illegal payroll policies and

7    practices to deprive their current and former non-exempt employees all wages earned and due,

8    DEFENDANTS failed to provide rest periods to PLAINTIFF and CLASS MEMBERS as required

9    under Labor Code §§ 226.7 and 512, and IWC Wage Order No. 7-2001, § 12.

10       23.    DEFENDANTS further violated Labor Code § 226.7 and IWC Wage Order No. 7-

11   2001, § 12 by failing to pay PLAINTIFF and CLASS MEMBERS who were not provided with a rest

12   period, in accordance with the applicable IWC Wage Order, one additional hour of compensation at

13   each employee's regular rate of pay for each workday that a rest period was not provided.

14       24.    As a proximate result of the aforementioned violations, PLAINTIFF and CLASS

15   MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned

16   and due, interest, penalties, attorneys' fees, expenses, and costs of suit.

17

18                   <u>**THIRD CAUSE OF ACTION**</u>

19              **Failure to Pay Overtime Wages**
       **[Cal. Labor Code §§ 510, 1194, 1198; IWC Wage Order No. 7-2001, § 3]**
20                  **(Against All Defendants)**

21       25.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the

22   allegations in paragraphs 1 through 24.

23       26.    Pursuant to Labor Code §§ 510, 1194, and IWC Wage Order No. 7-2001, § 3,

24   DEFENDANTS are required to compensate PLAINTIFF and CLASS MEMBERS for all overtime,

8

Class and Representative Action Complaint

1   which is calculated at one and one-half (1 ½) times the regular rate of pay for all hours worked in

2   excess of eight (8) hours per day and/or forty (40) hours per week, and for the first eight (8) hours on

3   the seventh consecutive workday, with double time for all hours worked in excess of twelve (12)

4   hours in any workday and for all hours worked in excess of eight (8) hours on the seventh

5   consecutive day of work in any workweek.

6          27.     PLAINTIFF and CLASS MEMBERS are current and former non-exempt employees

7   of DEFENDANTS entitled to the protections of Labor Code §§ 510, 1194, and IWC Wage Order No.

8   7-2001. During the CLASS PERIOD, DEFENDANTS failed to compensate PLAINTIFF and CLASS

9   MEMBERS for all overtime hours worked as required under the foregoing provisions of the Labor

10  Code and IWC Wage Order by, among other things: failing to pay overtime at one and one-half (1 ½)

11  or double the regular rate of pay as provided by Labor Code §§ 510, 1194, and IWC Wage Order No.

12  7-2001, § 3; requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work off the

13  clock; requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work through meal

14  and rest breaks; illegally and inaccurately recording time in which PLAINTIFF and CLASS

15  MEMBERS worked; failing to properly maintain PLAINTIFF's and CLASS MEMBERS' records;

16  failing to provide accurate itemized wage statements to PLAINTIFF for each pay period; and other

17  methods to be discovered.

18         28.     In violation of California law, DEFENDANTS have knowingly and willfully refused

19  to perform their obligations to compensate PLAINTIFF and CLASS MEMBERS for all wages earned

20  and all hours worked. As a proximate result, PLAINTIFF and CLASS MEMBERS have suffered, and

21  continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on

22  such wages, and expenses and attorneys' fees in seeking to compel DEFENDANTS to fully perform

23  their obligations under state law, all to their respective damages in amounts according to proof at time

24  of trial, and within the jurisdiction of this Court.

29.     DEFENDANTS' conduct described herein violates Labor Code §§ 510, 1194, 1198 and IWC Wage Order No. 7-2001, § 3. Therefore, pursuant to Labor Code §§ 200, 203, 226, 558, 1194, 1197.1, and other applicable provisions under the Labor Code and IWC Wage Orders, PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

### FOURTH CAUSE OF ACTION

**Failure to Pay All Wages Due to Discharged and Quitting Employees**
**[Cal. Labor Code §§ 201, 202, 203]**
**(Against All Defendants)**

30.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 29.

31.     Pursuant to Labor Code § 201, 202, and 203, DEFENDANTS are required to pay all earned and unpaid wages to an employee who is discharged. Labor Code § 201 mandates that if an employer discharges an employee, the employee's wages accrued and unpaid at the time of discharge are due and payable immediately.

32.     Furthermore, pursuant to Labor Code § 202, DEFENDANTS are required to pay all accrued wages due to an employee no later than 72 hours after the employee quits his or her employment, unless the employee provided 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or wages at the time of quitting.

33.     Labor Code § 203 provides that if an employer willfully fails to pay, in accordance with Labor Code §§ 201 and 202, any wages of an employee who is discharged or who quits, the employer is liable for waiting time penalties in the form of continued compensation to the employee at the same rate for up to 30 workdays.

10
Class and Representative Action Complaint

34.    During the CLASS PERIOD, DEFENDANTS have willfully failed to pay accrued wages and other compensation to PLAINTIFF and CLASS MEMBERS in accordance with Labor Code §§ 201 and 202.

35.    As a result, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties, including the waiting time penalties provided in Labor Code § 203, together with interest thereon, as well as other available remedies.

36.    As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been deprived of compensation in an amount according to proof at the time of trial, but in excess of the jurisdiction of this Court, and are entitled to recovery of such amounts, plus interest thereon, and attorneys' fees and costs, pursuant to Labor Code §§ 1194 and 2699.

## FIFTH CAUSE OF ACTION

### Failure to Maintain Required Records
[Cal. Labor Code §§ 226, 1174; IWC Wage Order No. 7-2001, § 7]
(Against All Defendants)

37.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 36.

38.    During the CLASS PERIOD, as part of DEFENDANTS' illegal payroll policies and practices to deprive PLAINTIFF and CLASS MEMBERS of all wages earned and due, DEFENDANTS knowingly and intentionally failed to maintain records as required under Labor Code §§ 226, 1174, and IWC Wage Order No. 7-2001, § 7, including but not limited to the following records: total daily hours worked by each employee; applicable rates of pay; all deductions; meal periods; time records showing when each employee begins and ends each work period; and accurate itemized statements.

39.     As a proximate result of DEFENDANTS' unlawful actions and omissions,

PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial,

and are entitled to all wages earned and due, plus interest thereon. Additionally, PLAINTIFF and

CLASS MEMBERS are entitled to all available statutory penalties, including but not limited to civil

penalties pursuant to Labor Code §§ 226(e), 226.3, and 1174.5, and an award of costs, expenses, and

reasonable attorneys' fees, including but not limited to those provided in Labor Code § 226(e), as

well as other available remedies.


### SIXTH CAUSE OF ACTION

**Failure to Furnish Accurate Itemized Wage Statements**
**[Cal. Labor Code §§ 226; IWC Wage Order No. 7-2001, § 7]**
**(Against All Defendants)**

40.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the

allegations in paragraphs 1 through 39.

41.     During the CLASS PERIOD, DEFENDANTS routinely failed to provide PLAINTIFF

and CLASS MEMBERS with timely, accurate, and itemized wage statements in writing showing

each employee's gross wages earned, total hours worked, all deductions made, net wages earned, the

name and address of the legal entity or entities employing PLAINTIFF and CLASS MEMBERS, and

all applicable hourly rates in effect during each pay period and the corresponding number of hours

worked at each hourly rate, in violation of Labor Code § 226 and IWC Wage Order No. 7-2001, § 7.

42.     During the CLASS PERIOD, DEFENDANTS knowingly and intentionally failed to

provide PLAINTIFF and CLASS MEMBERS with timely, accurate, and itemized wage statements in

accordance with Labor Code § 226(a).

43.     As a proximate result of DEFENDANTS' unlawful actions and omissions,

PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial,

1  and seek all wages earned and due, plus interest thereon. Additionally, PLAINTIFF and CLASS

2  MEMBERS are entitled to all available statutory penalties, including but not limited to civil penalties

3  pursuant to Labor Code §§ 226(e), 226.3, and 1174.5, and an award of costs, expenses, and

4  reasonable attorneys' fees, including but not limited to those provided in Labor Code § 226(e), as

5  well as other available remedies.

6

7                              <u>SEVENTH CAUSE OF ACTION</u>

8  **Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties**
   **[Cal. Labor Code § 2802]**
9                          **(Against All Defendants)**

10      44.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the

11  allegations in paragraphs 1 through 43.

12      45.    Labor Code § 2802(a) requires an employer to indemnify an employee for all

13  necessary expenditures or losses incurred by the employee in direct consequence of the discharge of

14  her his or her duties, or of his or her obedience to the directions of the employer.

15      46.    During the CLASS PERIOD, DEFENDANTS knowingly and willfully failed to

16  indemnify PLAINTIFF and CLASS MEMBERS for all business expenses and/or losses incurred in

17  direct consequence of the discharge of their duties while working under the direction of

18  DEFENDANTS, including but not limited to expenses for personal cell phone usage, uniforms, and

19  other employment-related expenses, in violation of Labor Code § 2802.

20      47.    As a proximate result of DEFENDANTS' unlawful actions and omissions,

21  PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial,

22  and seek reimbursement of all necessary expenditures, plus interest thereon pursuant to Labor Code §

23  2802(b). Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory

24

13

1  penalties and an award of costs, expenses, and reasonable attorneys' fees, including those provided in

2  Labor Code § 2802(c), as well as other available remedies.

3

4  <center>**EIGHTH CAUSE OF ACTION**</center>

5  <center>**Unfair and Unlawful Business Practices**
[Cal. Bus. & Prof. Code §§ 17200 et. seq.]</center>

6  <center>(Against All Defendants)</center>

7      48.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the

8  allegations in paragraphs 1 through 47.

9      49.    Each and every one of DEFENDANTS' acts and omissions in violation of the Labor

10  Code and/or the applicable IWC Wage Order as alleged herein, including but not limited to

11  DEFENDANTS' failure and refusal to provide required meal periods, DEFENDANTS' failure and

12  refusal to provide required rest periods, DEFENDANTS' failure and refusal to pay overtime

13  compensation, DEFENDANTS' failure and refusal to pay all wages due to discharged or quitting

14  employees, DEFENDANTS' failure and refusal to furnish accurate itemized wage statements;

15  DEFENDANTS' failure and refusal to maintain required records, DEFENDANTS' failure and

16  refusal to indemnify PLAINTIFF and CLASS MEMBERS for necessary expenditures and/or losses

17  incurring in discharging their duties, constitutes an unfair and unlawful business practice under

18  California Business and Professions Code § 17200 et seq.

19      50.    DEFENDANTS' violations of California wage and hour laws constitute a business

20  practice because DEFENDANTS' aforementioned acts and omissions were done repeatedly over a

21  significant period of time, and in a systematic manner, to the detriment of PLAINTIFF and CLASS

22  MEMBERS.

23      51.    DEFENDANTS have avoided payment of wages, overtime wages, meal periods, rest

24  periods, and other benefits as required by the Labor Code, the California Code of Regulations, and

<center>14</center>
<center>Class and Representation Action Complaint</center>

EXHIBIT A Page 19 of 45

1  the applicable IWC Wage Order. Further, DEFENDANTS have failed to record, report, and pay the

2  correct sums of assessment to the state authorities under the Labor Code and other applicable

3  regulations.

4      52.    As a result of DEFENDANTS' unfair and unlawful business practices,

5  DEFENDANTS have reaped unfair and illegal profits during the CLASS PERIOD at the expense of

6  PLAINTIFF, CLASS MEMBERS, and members of the public. DEFENDANTS should be made to

7  disgorge their ill-gotten gains and to restore them to PLAINTIFF and CLASS MEMBERS.

8      53.    DEFENDANTS' unfair and unlawful business practices entitle PLAINTIFF and

9  CLASS MEMBERS to seek preliminary and permanent injunctive relief, including but not limited to

10  orders that DEFENDANTS account for, disgorge, and restore to PLAINTIFF and CLASS

11  MEMBERS the wages and other compensation unlawfully withheld from them. PLAINTIFF and

12  CLASS MEMBERS are entitled to restitution of all monies to be disgorged from DEFENDANTS in

13  an amount according to proof at the time of trial, but in excess of the jurisdiction of this Court.

14

15          **REPRESENTATIVE ACTION**

16          **NINTH CAUSE OF ACTION**

17      **Representative Action for Civil Penalties**
        **[Cal. Labor Code §§ 2698- 2699.5]**
18          **(Against All Defendants)**

19      54.    PLAINTIFF incorporates herein by specific reference as though fully set forth the

20  allegations in paragraphs 1 through 53, with exception of the allegations in Paragraph 15 (A-D).

21      55.    PLAINTIFF is an "aggrieved employee" within the meaning of Labor Code § 2699(c),

22  and a proper representative to bring a civil action on behalf of himself and other current and former

23  employees of DEFENDANTS pursuant to the procedures specified in Labor Code § 2699.3 because

24

15

EXHIBIT A Page 20 of 45

1    PLAINTIFF was employed by DEFENDANTS and the alleged violations of the Labor Code were

2    committed against PLAINTIFF.

3        56.    Pursuant to the California Private Attorneys General Act of 2004 ("PAGA"), Labor

4    Code §§ 2698-2699.5, PLAINTIFF seeks to recover civil penalties, including but not limited to

5    penalties under Labor Code §§ 2699, 210, 225.5, 226.3, 558, 1174.5, 1197.1, 1199, and IWC Wage

6    Order No. 7-2001, § 20, from DEFENDANTS in a representative action for the violations set forth

7    above, including but not limited to violations of Labor Code §§ 201, 202, 203, 226, 226.7, 510, 512,

8    1174, 1194, 1197, 1198, and 2802. PLAINTIFF is also entitled to an award of reasonable attorneys'

9    fees and costs pursuant to Labor Code § 2699(g)(1).

10        57.    Pursuant to Labor Code §§ 2699.3, PLAINTIFF gave written notice by certified mail

11    to the California Labor and Workforce Development Agency ("LWDA") and DEFENDANTS of the

12    specific provisions of the Labor Code and IWC Wage Orders alleged to have been violated, including

13    the facts and theories to support the alleged violations. Within thirty-three (33) calendar of the

14    postmark date of PLAINTIFF's notice letter, the LWDA did not provide notice to PLAINTIFF that it

15    intends to investigate the alleged violations.

16        58.    Therefore, PLAINTIFF has complied with all of the requirements set forth in Labor

17    Code § 2699.3 to commence a representative action under PAGA.

18

19                                PRAYER FOR RELIEF

20        WHEREFORE, PLAINTIFF, individually and on behalf of all other persons similarly

21    situated, respectfully prays for relief against DEFENDANTS and DOES 1 through 50, inclusive, and

22    each of them, as follows:

23        1.    For compensatory damages in an amount to be ascertained at trial;

24

1    2.      For restitution of all monies due to PLAINTIFF and CLASS MEMBERS, as well as

2   disgorged profits from the unfair and unlawful business practices of DEFENDANTS;

3        3.      For meal and rest period compensation pursuant to Labor Code § 226.7 and IWC

4   Wage Order No. 7-2001;

5        4.      For liquidated damages pursuant to Labor Code § 1194.2;

6        5.      For preliminary and permanent injunctive relief enjoining DEFENDANTS from

7   violating the relevant provisions of the Labor Code and the IWC Wage Orders, and from engaging in

8   the unlawful business practices complained of herein;

9        6.      For waiting time penalties pursuant to Labor Code § 203;

10       7.      For statutory and civil penalties according to proof, including but not limited to all

11   penalties authorized by the Labor Code §§ 226(e) and 2699;

12       8.      For interest on the unpaid wages at 10% per annum pursuant to Labor Code §§ 218.6,

13   1194, 2802, California Civil Code §§ 3287, 3288, and/or any other applicable provision providing for

14   pre-judgment interest;

15       9.      For reasonable attorneys' fees and costs pursuant to Labor Code §§ 1194, 2699, 2802,

16   California Civil Code § 1021.5, and/or any other applicable provisions providing for attorneys' fees

17   and costs;

18       10.     For declaratory relief;

19       11.     For an order requiring and certifying the First, Second, Third, Fourth, Fifth, Sixth,

20   Seventh, and Eighth Causes of Action as a class action;

21       12.     For an order appointing PLAINTIFF as class representative, and PLAINTIFF's

22   counsel as class counsel; and

23       13.     For such further relief that the Court may deem just and proper.

24

17

Class and Representative Action Complaint

1 | DATED: March 27, 2014



Respectfully Submitted,
MATERN·LAW GROUP

By

Matthew J. Matern
Lacey Rainwater

Attorneys for PLAINTIFF HUMBERTO
TAPIA, on behalf of himself and all others
similarly situated

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

18
Class and Representative Action Complaint

EXHIBIT A Page 23 of 45

1

<u>**DEMAND FOR JURY TRIAL**</u>

2          PLAINTIFF, on behalf of himself and all others similarly situated, hereby demands a jury

3    trial with respect to all issues triable of right by jury.

4

5    DATED: March 27, 2014                          Respectfully Submitted,
                                                     MATERN LAW GROUP
6

7                                                    By

8                                                    Matthew J. Matern
                                                     Lacey Rainwater
9

10                                                   Attorneys for PLAINTIFF HUMBERTO
                                                     TAPIA, on behalf of himself and all others
11                                                   similarly situated

12

13

14

15

16

17

18

19

20

21

22

23

24

<center>19</center>
<center>Class and Representative Action Complaint</center>

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>MATERN LAW GROUP<br>Matthew J. Matern (SBN 159798)<br>1230 Rosecrans Avenue, Suite 200<br>Manhattan Beach, California 90266<br>TELEPHONE NO.: (310) 531-1900   FAX NO.: (310) 531-1901<br>ATTORNEY FOR *(Name):* HUMBERTO TAPIA | FOR COURT USE ONLY<br><br>CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>APR 04 201~<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By: Judi Lara, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, California 90012-3014
BRANCH NAME: Central District

CASE NAME:
Tapia v. Macy's, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: BC 541740 |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint (not specified above) (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition (not specified above) (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☑ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☑ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve            in other counties, states, or countries, or in a federal court
   c. ☑ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action (specify): Ten (10)
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 3/27/2014
Matthew J. Matern
(TYPE OR PRINT NAME)                                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

EXHIBIT A Page 25 of 45

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
 Damage/Wrongful Death
Uninsured Motorist (46) (if the
 case involves an uninsured
 motorist claim subject to
 arbitration, check this item
 instead of Auto)

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/
 Wrongful Death
Product Liability (not asbestos or
 toxic/environmental) (24)
Medical Malpractice (45)
 Medical Malpractice–
 Physicians & Surgeons
 Other Professional Health Care
 Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip
 and fall)
 Intentional Bodily Injury/PD/WD
 (e.g., assault, vandalism)
 Intentional Infliction of
 Emotional Distress
 Negligent Infliction of
 Emotional Distress
 Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
 Practice (07)
Civil Rights (e.g., discrimination,
 false arrest) (not civil
 harassment) (08)
Defamation (e.g., slander, libel)
 (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice
 (not medical or legal)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease
 Contract (not unlawful detainer
 or wrongful eviction)
 Contract/Warranty Breach–Seller
 Plaintiff (not fraud or negligence)
 Negligent Breach of Contract/
 Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open
 book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections
 Case
Insurance Coverage (not provisionally
 complex) (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
 Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property (not eminent
 domain, landlord/tenant, or
 foreclosure)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (if the case involves illegal
 drugs, check this item; otherwise,
 report as Commercial or Residential)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court
 Case Matter
 Writ–Other Limited Court Case
 Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor
 Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
 (arising from provisionally complex
 case type listed above) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of
 County)
 Confession of Judgment (non-
 domestic relations)
 Sister State Judgment
 Administrative Agency Award
 (not unpaid taxes)
 Petition/Certification of Entry of
 Judgment on Unpaid Taxes
 Other Enforcement of Judgment
 Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (not specified
 above) (42)
 Declaratory Relief Only
 Injunctive Relief Only (non-
 harassment)
 Mechanics Lien
 Other Commercial Complaint
 Case (non-tort/non-complex)
 Other Civil Complaint
 (non-tort/non-complex)

**Miscellaneous Civil Petition**
Partnership and Corporate
 Governance (21)
Other Petition (not specified
 above) (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult
 Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late
 Claim
 Other Civil Petition

CM-010 [Rev. July 1, 2007]

## CIVIL CASE COVER SHEET

Page 2 of 2

EXHIBIT A Page 26 of 45

| SHORT TITLE: Tople v. Macy's, Inc., et al. | CASE NUMBER BC541740 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 20   ☐ HOURS/ ☑ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – if you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check one Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A | B | C |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death -- Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 2. |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

EXHIBIT A Page 27 of 45

| SHORT TITLE: Tapia v. Macy's, Inc., et al. | | CASE NUMBER | |
|---|---|---|---|

| | | | |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer- Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

EXHIBIT A Page 28 of 45

| SHORT TITLE: Tapia v. Macy's, Inc., et al. | | CASE NUMBER | |
|---|---|---|---|

| | | | |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 9. |
| | | ☐ A6160  Abstract of Judgment | 2, 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9. |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2, 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 4, 8. |
| | | ☐ A6100  Other Civil Petition | 2, 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

EXHIBIT A Page 29 of 45

| SHORT TITLE: Tapia v. Macy's, Inc., et al. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☑1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>3745 South Grand Avenue<br><br>(Must be filed in Central District) |
|---|---|
| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90007 |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk _____ courthouse in the Central _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: 3/27/2014

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.   Original Complaint or Petition.

2.   If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.   Civil Case Cover Sheet, Judicial Council form CM-010.

4.   Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5.   Payment in full of the filing fee, unless fees have been waived.

6.   A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.   Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

EXHIBIT A Page 30 of 45

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT – CLASS ACTION CASES

Case Number _____

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT
Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 7.3(c)).

BC 541740

| ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|
| Judge Elihu M. Berle | 323 | 1707 |
| Judge Lee Smalley Edmon | 323 | 1702 |
| Judge John Shepard Wiley, Jr. | 311 | 1408 |
| Judge Kenneth Freeman | 310 | 1412 |
| Judge Jane Johnson | 308 | 1415 |
| Judge William F. Highberger | 307 | 1402 |
| OTHER | | |

### Instructions for handling Class Action Civil Cases

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

**APPLICATION**
The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**
A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

COMPLAINTS: All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

CROSS-COMPLAINTS: Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**
The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.

Given to the Plaintiff/Cross-Complainant/Attorney of Record MAR 04 2014          SHERRI R. CARTER, Executive Officer/Clerk

LACIV CCW 190 (Rev09/13)
LASC Approved 05-06
For Optical Use

By _____, Deputy Clerk

EXHIBIT A Page 31 of 45

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

   *Cases for Which Mediation May Be Appropriate*
   Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

   *Cases for Which Mediation May Not Be Appropriate*
   Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." Binding arbitration means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Nonbinding arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

   *Cases for Which Arbitration May Be Appropriate*
   Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

   *Cases for Which Arbitration May Not Be Appropriate*
   If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

   *Cases for Which Neutral Evaluation May Be Appropriate*
   Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

   *Cases for Which Neutral Evaluation May Not Be Appropriate*
   Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

LAADR 005 (Rev.12-06)
LASC Approved 05-09

Page 1 of 2

## LOS ANGELES SUPERIOR COURT ADR PROGRAMS

**CIVIL:**
- Civil Action Mediation (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.890-3.898 California Code sections (1) 1-1.69, and Los Angeles Superior Court Rules, chapter 12.)
- Retired Judge Settlement Conference
- Neutral Evaluation (Governed by Los Angeles Superior Court Rules, chapter 12.)
- Judicial Arbitration (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- Eminent Domain Mediation (Governed by Code of Civil Procedure section 1250.420.)
- Civil Harassment Mediation
- Small Claims Mediation

**FAMILY LAW (non-custody):**
- Mediation
- Forensic Certified Public Accountant (CPA) Settlement Conference
- Settlement Conference
- Non-binding Arbitration (Governed by Family Code section 2554.)

**PROBATE:**
- Mediation
- Settlement Conference

### NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Mediation or Arbitration Panel, the parties will be assigned on a random basis the names of one neutral who hears the case unless selected on the county program.

### COURT ADR PANELS

| | |
|---|---|
| **Party Select Panel** | The Party Select Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing. |
| **Random Select Panel** | The Random Select Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Select Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all Random Select panel volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time (at an hourly basis at rates established by the neutral if the parties consent in writing. |
| **Private Neutral** | The market rate for private neutrals can range from $300-$1,000 per hour. |

### ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| | | | | | |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7285 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8566 | (818)576-8581 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3077 | (310)223-0357 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3160 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3092 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7245 | (562)402-0010 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5685 | (626)666-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-5205 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0014 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1824 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-0145 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7226 |
| Van Nuys | 13950 Sylvan Ave. | 416 | Van Nuys, CA 91401 | (818)374-2267 | (818)902-3440 |

Partially Funded by the Los Angeles County Dispute Resolution Program
A complete list of the County Dispute Resolution Programs is available online and upon request in the Clerk's Office.

LAADR.005 (Rev.12-08)
LASC Approved 05-09

Page 2 of 2

EXHIBIT A Page 33 of 45

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

**Information About Alternative Dispute Resolution:**

California Rules of Court, rule 3.221, requires counties participating in the Dispute Resolution Programs Act ("DRPA"), to provide information about the availability of local dispute resolution programs funded under DRPA.  In Los Angeles County, these services are made possible through major support from the Los Angeles County Department of Community and Senior Services through DRPA.  The list of the local dispute resolution programs funded in Los Angeles County is set forth below.

Superior Court of California, Los Angeles County, ADR Office (213) 974-5425
www.lasuperiorcourt.org/ADR

**Staff and volunteers of the following identified agencies are not employees of the Los Angeles Superior Court:**

Asian-Pacific American Dispute Resolution Center (213) 250-8180 www.apadrc.org

California Academy of Mediation Professionals (818) 377-7250 www.mediationprofessionals.org

California Lawyers for the Arts, Arbitration and Mediation Service (310) 998-5590 www.calawyersforthearts.org/

Center for Conflict Resolution (818) 705-1090 www.ccrlaonline.org

Inland Valleys Justice Center (909) 621-7479 www.ivjc.org

Korean American Coalition 4.29 Center (213) 365-5999 www.kacla.org

Los Angeles City Attorney's Office Dispute Resolution Program (213) 485-8324
www.lacity.org/mediate

Los Angeles County Bar Association Dispute Resolution Services
(877) 473-7658 (323) 980-1941 (888) 922-1322 (562) 570-1019 www.lacba.org/drs

Los Angeles County Department of Consumer Affairs (213) 974-0825

The Loyola Law School Center for Conflict Resolution (213) 736-1145 www.lls.edu/ccr

City of Norwalk Dispute Resolution Program (562) 929-5603
www.ci.norwalk.ca.us/disputeservices2.asp

---

*These programs do not offer legal advice or help you respond to a summons,
but they can assist in resolving your problem through mediation.*

Dispute Resolution Programs Act
Contracts Administration Office: (213) 738-2621

---

LAADR 007 (Rev. 04/10)
LASC Approved 07-04

**INFORMATION ABOUT
ALTERNATIVE DISPUTE RESOLUTION**

ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
Click on the button to select the appropriate court address.

PLAINTIFF:

DEFENDANT:

**STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)**

CASE NUMBER:

The undersigned parties stipulate to participate in an Alternative Dispute Resolution (ADR) process in the above-entitled action, as follows:

☐ Mediation

☐ Non-Binding Arbitration

☐ Binding Arbitration

☐ Early Neutral Evaluation

☐ Settlement Conference

☐ Other ADR Process (describe):

Dated: _____

Name of Stipulating Party          Name of Party or Attorney Executing Stipulation          Signature of Party or Attorney
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Stipulating Party          Name of Party or Attorney Executing Stipulation          Signature of Party or Attorney
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Stipulating Party          Name of Party or Attorney Executing Stipulation          Signature of Party or Attorney
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Stipulating Party          Name of Party or Attorney Executing Stipulation          Signature of Party or Attorney
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

☐ Additional signature(s) on reverse

LAADR 001 10-04
LASC Approved
(Rev. 01-07)

**STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Cal. Rules of Court, rule 3.221
Page 1 of 2

| Short Title | | Case Number |
|---|---|---|

| Name of Stipulating Party<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| Name of Stipulating Party<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

LAADR 001 12-04
LASC Approved
(Rev. 01-07)

**STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Cal. Rules of Court, rule 3.221
Page 2 of 2

EXHIBIT A Page 36 of 45

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



Superior Court of California
County of Los Angeles



Los Angeles County
Bar Association Labor and
Employment Law Section



Consumer Attorneys
Association of Los Angeles

Southern California
Defense Counsel



Association of
Business Trial Lawyers

California Employment
Lawyers Association

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.

◆Los Angeles County Bar Association Litigation Section◆

◆ Los Angeles County Bar Association
Labor and Employment Law Section◆

◆Consumer Attorneys Association of Los Angeles◆

◆Southern California Defense Counsel◆

◆Association of Business Trial Lawyers◆

◆California Employment Lawyers Association◆

EXHIBIT A Page 37 of 45

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, to discuss and consider whether there can be agreement on the following:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

EXHIBIT A Page 38 of 45

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at www.lasuperiorcourt.org under "Civil" and then under "General Information").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this stipulation.

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

The following parties stipulate:

Date:

_____          >  _____
(TYPE OR PRINT NAME)                   (ATTORNEY FOR PLAINTIFF)

Date:

_____          >  _____
(TYPE OR PRINT NAME)                   (ATTORNEY FOR DEFENDANT)

Date:

_____          >  _____
(TYPE OR PRINT NAME)                   (ATTORNEY FOR DEFENDANT)

Date:

_____          >  _____
(TYPE OR PRINT NAME)                   (ATTORNEY FOR DEFENDANT)

Date:

_____          >  _____
(TYPE OR PRINT NAME)                   (ATTORNEY FOR _____ )

Date:

_____          >  _____
(TYPE OR PRINT NAME)                   (ATTORNEY FOR _____ )

_____          >  _____
(TYPE OR PRINT NAME)                   (ATTORNEY FOR _____ )

EXHIBIT A Page 39 of 45

| | | |
|---|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
| TELEPHONE NO.: FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

The parties agree that:

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

LACIV 036 (new)
LASC Approved 04/11                    **STIPULATION – DISCOVERY RESOLUTION**                    Page 1 of 3

| SHORT TITLE | | CASE NUMBER |
|---|---|---|
| | | |

      iii.   Be filed within two (2) court days of receipt of the Request; and

      iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

    c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

    d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

    e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

    It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying ex parte for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.



The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

_____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

_____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

_____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

_____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

(ATTORNEY FOR _____)

LACIV 036 (new)
LASC Approved 04/11

**STIPULATION — DISCOVERY RESOLUTION**

Page 3 of 3

EXHIBIT A Page 42 of 45

NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY:

STATE BAR NUMBER

Reserved for Clerk's File Stamp

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

FAX NO. (Optional):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

CASE NUMBER:

1. This document relates to:
   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

LACIV 094 (new)
LASC Approved 04/11

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

**STIPULATION AND ORDER – MOTIONS IN LIMINE**

This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.

The parties agree that:

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

EXHIBIT A Page 44 of 45

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

The following parties stipulate:

Date:

_____      →  _____
(TYPE OR PRINT NAME)                (ATTORNEY FOR PLAINTIFF)

Date:

_____      →  _____
(TYPE OR PRINT NAME)                (ATTORNEY FOR DEFENDANT)

Date:

_____      →  _____
(TYPE OR PRINT NAME)                (ATTORNEY FOR DEFENDANT)

Date:

_____      →  _____
(TYPE OR PRINT NAME)                (ATTORNEY FOR DEFENDANT)

Date:

_____      →  _____
(TYPE OR PRINT NAME)                (ATTORNEY FOR_____)

Date:

_____      →  _____
(TYPE OR PRINT NAME)                (ATTORNEY FOR_____)

_____      →  _____
(TYPE OR PRINT NAME)                (ATTORNEY FOR_____)

**THE COURT SO ORDERS:**

Date: _____        _____
                                          JUDICIAL OFFICER

EXHIBIT A Page 45 of 45

# EXHIBIT B

1    Jack Schaedel (SBN 181209)
     Rebecca S. Raizman (SBN 274232)
2    GONZALEZ SAGGIO & HARLAN LLP
     2 North Lake Avenue, Suite 930
3    Pasadena, CA 91101
     Telephone: (626) 440-0022
4    Facsimile: (626) 628-1725
     Jack_Schaedel@gshllp.com
5
     Attorneys for Defendants
6    Bloomingdale's Inc., Macy's, Inc.,
     and Macy's West Stores, Inc.
7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10   HUMBERTO TAPIA, an individual,
     and on behalf of himself and all others      Case No.: _____
11   similarly situated,
                                                   CLASS ACTION
12              Plaintiff,
                                                   [Complaint Filed: April 4, 2014]
13        vs.

14   MACY'S, INC.; MACY'S WEST              DECLARATION OF LINDA BALICKI
     STORES, INC.; BLOOMINGDALE'S,          IN SUPPORT OF DEFENDANTS'
15   INC.; BLOOMINGDALE'S, INC. dba         REMOVAL OF ACTION UNDER 28
     FORTY CARROTS and DOES 1               U.S.C. §§ 1332, 1441 and 1446
16   through 100, inclusive,
                                            [Notice of Removal Filed Concurrently
17              Defendants.                 Herewith]
18

19

20                  DECLARATION OF LINDA BALICKI

21

22        I, Linda Balicki, hereby declare the following:

23        1.    I am an attorney employed by Macy's Corporate Services, Inc. in the

24   Macy's, Inc. Law Department office located at 611 Olive Street, 10th Floor, St. Louis,

25   Missouri 63101. Macy's Corporate Services, Inc. is a wholly owned subsidiary of

26   Macy's Retail Holdings, Inc., which in turn is a wholly owned subsidiary of

27   Defendant Macy's, Inc. My practice is concentrated in the corporate structure and

28

---
DECLARATION OF LINDA BALICKI IN SUPPORT OF DEFENDANTS'
REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441, 1446

1   governance area.  I have been employed as an attorney with the former The May
2   Department Stores Company (acquired by Macy's, Inc. in 2005) and Macy's
3   Corporate Services, Inc. since 1988.  I currently hold the title of Vice President.

4       2.      I am aware of the facts set forth below in paragraphs 3-7 because of my
5   experience in the Macy's, Inc. Law Department, and through my job duties in the
6   corporate structure and governance area.

7       3.      The defendants in this action are Bloomingdale's, Inc., Macy's West
8   Stores, Inc. and Macy's, Inc. Defendants Bloomingdale's, Inc. and Macy's West
9   Stores, Inc. are wholly owned subsidiaries of Macy's Retail Holdings, Inc., which, in
10  turn, is a wholly owned subsidiary of Defendant Macy's, Inc., the holding company
11  and ultimate parent company for all Bloomingdale's and Macy's entities. Separately
12  named Defendant "Bloomingdale's, Inc. dba Forty Carrots" is not a separate corporate
13  entity; rather, it is the same entity as Bloomingdale's, Inc., which conducts some
14  restaurant and/or frozen yogurt operations inside certain Bloomingdale's stores using
15  the assumed name "Forty Carrots," which is registered by Bloomingdale's, Inc. as an
16  assumed name in the State of New York.

17      4.      As of April 4, 2014, the date on which Plaintiff Humberto Tapia filed his
18  Complaint in this lawsuit, Defendant Bloomingdale's, Inc. was incorporated under the
19  laws of the State of Ohio and remains incorporated under the laws of the State of
20  Ohio.

21      5.      As of April 4, 2014, Defendant Macy's West Stores, Inc. was
22  incorporated under the laws of the State of Ohio and remains incorporated under the
23  laws of the State of Ohio.

24      6.      As of April 4, 2014, Defendant Macy's, Inc. was incorporated under the
25  laws of the State of Delaware and remains incorporated under the laws of the State of
26  Delaware.  As of April 4, 2014, Macy's Retail Holdings, Inc. was incorporated under
27  the laws of the State of New York and remains incorporated under the laws of the
28  State of New York.

2

EXHIBIT B Page 2 of 3

7.     As of April 4, 2014, the principal places of business of Defendants Bloomingdale's, Inc., Macy's West Stores, Inc. and Macy's, Inc., were located in Cincinnati, Ohio and New York, New York. Defendants' principal places of business remain in Cincinnati, Ohio and New York, New York. The officers and senior management who direct, control, and coordinate the activities of Bloomingdale's, Inc., Macy's West Stores, Inc., and Macy's, Inc. do so from either Cincinnati, Ohio or New York, New York. Decisions with respect to the direction and management of Defendants are made in either Ohio or New York.

I declare under penalty of perjury under the laws of the United States of America and the laws of the State of California that the foregoing is true and correct.

Executed June 24, 2014 at St. Louis, Missouri.

Linda Balicki

---

3

EXHIBIT C

Jack Schaedel (SBN 181209)
Rebecca S. Raizman (SBN 274232)
GONZALEZ SAGGIO & HARLAN LLP
2 North Lake Avenue, Suite 930
Pasadena, CA 91101
Telephone: (626) 440-0022
Facsimile: (626) 628-1725
Jack_Schaedel@gshllp.com

Attorneys for Defendants
Bloomingdale's Inc., Macy's, Inc.,
and Macy's West Stores, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUMBERTO TAPIA, an individual, and on behalf of himself and all others similarly situated, | Case No.: _____ |
| Plaintiff, | **CLASS ACTION** |
| vs. | [Complaint Filed: April 4, 2014] |
| MACY'S, INC.; MACY'S WEST STORES, INC.; BLOOMINGDALE'S, INC.; BLOOMINGDALE'S, INC. dba FORTY CARROTS and DOES 1 through 100, inclusive, | **DECLARATION OF RAMON J. GANDIA IN SUPPORT OF DEFENDANTS' REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441 and 1446** |
| Defendants. | **[Notice of Removal Filed Concurrently Herewith]** |

## DECLARATION OF RAMON J. GANDIA

I, Ramon J. Gandia, do hereby declare:

1.     I am currently employed as the Human Resources Information Systems ("HRIS") Coordinator for Bloomingdale's, Inc. located at 919 3rd Avenue, New York, New York 10022.

2.     I have personal knowledge of the facts set forth herein, which are known by me to be true and correct, and, if called as a witness, I could and would competently testify thereto.

3.     I have been employed with Bloomingdale's, Inc. for thirty-four (34) years.  I have held the position of HRIS Coordinator since January 1995.  Generally, in my capacity as HRIS Coordinator, I am responsible for analyzing and extracting data from our Human Resources Information Systems which contain, among other things, personnel information and employee payroll data.  One of the systems I have access to is Bloomingdale's employee information database, PeopleSoft, which includes certain employee information relating to California employees.  I regularly query information from this database in the ordinary course of my job responsibilities.

4.     I understand that former Bloomingdale's employee Humberto Tapia is seeking to represent a class of employees consisting of all California Bloomingdale's department store employees who worked in a non-exempt position from April 4, 2010 to the present.  I further understand that he is seeking to recover, among other things, penalties for late final pay in the amount of thirty (30) calendar days of pay per employee in the class.

5.     I ran a query against the employee information database to identify and list all non-exempt California department store employees whose employment with Bloomingdale's terminated during the time period of April 4, 2010 through the date of my request, which was June 12, 2014.  According to my query, at least 5,950 non-exempt employees in Bloomingdale's California department stores terminated during the time period from April 4, 2010 through June 12, 2014.  Given that the relevant time period continues until the case settles or proceeds to final judgment, the number of putative class members continues to grow.

6.     As part of my query, I also identified the final effective hourly rate of pay for the 5,950 identified employees who terminated during the period of April 4, 2010 through June 12, 2014.  The average final effective hourly rate of pay for the 5,950 employees was $12.99 per hour.

7.     Bloomingdale's employee information database also contains information relating to each of the 5,950 employees' standard number of hours worked per week,

<div align="center">2</div>

EXHIBIT C Page 2 of 3

their hourly rate and the number of days each employee was generally scheduled per week. The average number of hours worked per week by the 5,950 employees during the relevant time period was 26.93 hours per week. The average number of days each employee was scheduled per week was 4.5. Thus, based on the results of my query, I determined that the average number of hours the 5,950 identified employees worked per day was 5.99 hours.

8. Knowing the average hourly wage rate ($12.99) and the average number of hours worked per day (5.99) for the 5,950 employees, I multiplied those two numbers together to arrive at an average daily wage rate of $77.89. Thus, according to Bloomingdale's records, thirty (30) calendar days of wages for the 5,950 employees who terminated from a non-exempt position in a California Bloomingdale's department store during the time period of April 4, 2010 to June 13, 2014 would be approximately $13,903,365 (5,950 employees multiplied by $77.89 multiplied by 30).

I declare under penalty of perjury under the laws of the United States of America and the state of California that the foregoing is true and correct.

Executed on June 30, 2014 in New York, New York.

_____
Ramon J. Gandia

DECLARATION OF RAMON J. GANDIA IN SUPPORT OF DEFENDANTS' REMOVAL OF ACTION
UNDER 28 U.S.C. §§ 1332, 1441, and 1446

EXHIBIT C Page 3 of 3