Complex Fees Due
GC 70616 et seq

John P. Schaedel (SBN 181209)
Rebecca S. Newman (SBN 274232)
GONZALEZ SAGGIO & HARLAN LLP
2 North Lake Avenue, Suite 930
Pasadena, CA 91101
Telephone: (626) 440-0022
Facsimile: (626) 628-1725
Jack_Schaedel@gshllp.com

Attorneys for Defendants
Bloomingdale's Inc., Macy's, Inc.,
and Macy's West Stores, Inc.

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUL 02 2014

Sherri R. Carter, Executive Officer/Clerk
By: Kandece Bennett, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| HUMBERTO TAPIA, an individual, and on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MACY'S, INC.; MACY'S WEST STORES, INC.; BLOOMINGDALE'S, INC.; BLOOMINGDALE'S, INC. dba FORTY CARROTS and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: BC541740<br><br>**CLASS ACTION**<br><br>**DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**<br><br>Date Filed: April 4, 2014<br>Trial Date: None Set |

Defendants Macy's, Inc., Macy's West Stores, Inc., Bloomingdale's, Inc., and Bloomingdale's, Inc. dba Forty Carrots by and through their undersigned counsel, hereby submit the following as its answer and defenses to the unverified Complaint filed by Plaintiff Humberto Tapia without waiver of their right to move to compel Plaintiff to honor the parties' binding arbitration agreement as follows:

### **GENERAL DENIAL**

Pursuant to the provisions of California Code of Civil Procedure sections 430.030 and 431.30, Defendants hereby generally deny each and every allegation contained in the Complaint. Furthermore, Defendants deny that Plaintiff and/or the group he seeks to represent are entitled to the relief sought in

1

DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

the Complaint, or that Plaintiff and/or the group he seeks to represent have been damaged in the sum alleged or in any sum whatsoever. Defendants further specifically deny that Plaintiff and/or the group he seeks to represent have sustained any injury, damage or loss by reason of conduct, action, error, or omission on the part of any of the Defendants or any agent, employee or other person acting under their authority or control.

## DEFENSES

Without waiving or excusing the burden of proof of Plaintiff or admitting that Defendants have any burden of proof, Defendants assert the following defenses:

### FIRST DEFENSE

### (Arbitration Agreement)

Plaintiff entered into an arbitration agreement with Defendants under which he agreed to have any and all employment-related disputes resolved exclusively through final and binding arbitration. As such, this lawsuit should be dismissed and Plaintiff must be ordered to arbitrate his claims against Defendants.

### SECOND DEFENSE

### (Improper Party)

Plaintiff's Complaint, claims and damages are barred in whole or in part because Plaintiff has sued one or more improper parties, including Defendants Macy's, Inc. and Macy's West Stores, Inc., neither of which was Plaintiff's employer.

### THIRD DEFENSE

### (Failure to State a Claim)

Plaintiff's Complaint, and each and every purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendants.

### FOURTH DEFENSE

### (Lack of Standing)

Plaintiff lacks standing to assert the Complaint or any purported causes of action alleged therein on behalf of himself and others.

### FIFTH DEFENSE

### (Statute of Limitations)

Plaintiff's Complaint, and each and every purported cause of action alleged therein, is barred in whole or in part by the applicable statutes of limitations.

### SIXTH DEFENSE

### (Estoppel)

Plaintiff and /or the group he seeks to represent is barred, in whole or in part, by the doctrine of estoppel from recovering any relief by or through his Complaint or any of the purported causes of action alleged therein due to Plaintiff's and/or the group's actions, statements and course of conduct.

### SEVENTH DEFENSE

### (Waiver)

Plaintiff and/or the group he seeks to represent have waived the right to recover any relief requested in his Complaint or any of the purported causes of action alleged therein due to Plaintiff's and/or the group's actions, statements and course of conduct.

### EIGHTH DEFENSE

### (Unclean Hands)

The causes of action against Defendants as alleged in the Complaint are barred, in whole or in part, by the doctrine of unclean hands, due to Plaintiff's and/or the group's actions, statements and course of conduct.

### NINTH DEFENSE

### (Inadequacy of Proposed Representative)

Plaintiff is not a proper representative of the group he purports to represent and, accordingly, this action is not properly brought as a collective action.

### TENTH DEFENSE

### (Cal. Lab. Code §§ 226.7, 512(a): Meal Breaks)

Defendants authorized and permitted Plaintiff to take all meal breaks as required by law on a timely basis and without interruption. To the extent Plaintiff did not take a timely meal break,

Defendants paid Plaintiff one hour of premium pay at Plaintiff's regular rate of pay. To the further extent Plaintiff did not take an authorized and permitted meal break, Plaintiff freely chose to do so without any employer coercion or encouragement to forgo or waive the meal break.

### ELEVENTH DEFENSE

### (Cal. Lab. Code § 226.7: Rest Breaks)

Defendants authorized and permitted Plaintiff to take all rest breaks as required by law on a timely basis and without interruption. To the extent Plaintiff did not take an authorized and permitted rest break, Plaintiff freely chose to do so without any employer coercion or encouragement to forego or waive the rest break.

### TWELFTH DEFENSE

### (Cal. Lab. Code § 226(a): Improper Wage Statements)

Plaintiff's cause of action for improper wage statements is time barred under Cal. Code Civil Proc. § 340(a).

### THIRTEENTH DEFENSE

### (Cal. Lab. Code § 2802: Business Expenses)

Defendants indemnified and/or reimbursed Plaintiff for the full value of all expenses necessarily incurred in connection with his job duties, if any, as required by law.

### FOURTEENTH DEFENSE

### (Failure to Exhaust Regarding PAGA)

Plaintiff's Complaint is barred to the extent that Plaintiff failed to exhaust his administrative remedies and/or failed to take steps required by the California Labor Code prior to filing this action, including without limitation, the requirements of Labor Code § 2699.3 (The Private Attorneys General Act or "PAGA").

### FIFTEENTH DEFENSE

### (Cal. Lab. Code § 2698 *et seq.* (PAGA) / Inadequate Notice)

Plaintiff failed to provide sufficient written notice to the Labor and Workforce Development Agency, a prerequisite to pursuing a cause of action under PAGA, setting forth with the required

particularity the facts and legal theories to support Defendants alleged violations of the Labor Code as required by Cal. Lab. Code § 2699.3.

### SIXTEENTH DEFENSE

### (Plaintiff Not An "Aggrieved Employee" Under PAGA)

Plaintiff's PAGA claims are barred to the extent that Plaintiff is not an aggrieved employee as defined by Labor Code § 2699(c).

### SEVENTEENTH DEFENSE

### (Standing Under PAGA)

Plaintiff's PAGA claims are barred to the extent that Plaintiff lacks standing to assert such a cause of action.

### EIGHTEENTH DEFENSE

### (PAGA Statute of Limitations)

Plaintiff's PAGA claims are barred to the extent that they are based on acts or events which occurred outside the one-year statute of limitations applicable to PAGA claims.

### NINETEENTH DEFENSE

### (Election of Remedies)

Plaintiff's PAGA claims are barred in whole or in part because the Labor Code already provides penalties and other remedies for the claims alleged in Plaintiff's Complaint, apart from those penalties set forth in PAGA, and Plaintiff elected to pursue such non-PAGA penalties and other remedies by filing the Complaint in this action.

### TWENTIETH DEFENSE

### (Unconstitutional)

Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, are barred pursuant to the Eighth Amendment to the United States Constitution and Article I, Section 17 of the California Constitution to the extent the Labor Code and other applicable statutes operate to impose excessive fines and/or are confiscatory, arbitrary or oppressive.

///

## TWENTY-FIRST DEFENSE

(Oppression)

To the extent that Plaintiff may be allowed to recover penalties under PAGA, the Court should award a lesser amount than the maximum penalties based on the facts and circumstances of this case, since to do otherwise would result in an award that is unjust, arbitrary and oppressive or confiscatory.

## TWENTY-SECOND DEFENSE

(Equitable Relief Not Available)

Plaintiff is not entitled to any equitable or injunctive relief as prayed for in the Complaint because Plaintiff and the alleged group members have suffered no irreparable injury based on any alleged conduct of Defendants and Plaintiff has an adequate remedy at law for any such conduct.

## TWENTY-THIRD DEFENSE

(Cal. Code §§ 201, 202, 203: Final Pay)

At the time of Plaintiff's termination of employment, Defendants properly and timely made available and/or paid Plaintiff all wages due and owing as required by law.

## TWENTY-FOURTH DEFENSE

(Cal. Code §§ 201, 202, 203: Final Wages / Bona Fide Error)

In the event Defendants failed to timely make available and/or pay Plaintiff all wages due and owing on termination, Defendants' failure was unintentional and resulted from a bona fide error.

## TWENTY-FIFTH DEFENSE

(Cal. Code §§ 201, 202, 203: Final Wages / Not Willful)

In the event Defendants failed to timely make available and/or pay Plaintiff all wages due and owing on termination, Defendants failure was not willful.

## TWENTY-SIXTH DEFENSE

(No Basis for Class Action)

There is no basis for a class action as alleged in the Complaint or otherwise.

//
//

## TWENTY-SEVENTH DEFENSE

### (Compliance with All Laws)

Defendants acted in good faith and were in compliance or substantial compliance with all applicable laws, statutes, and wage orders.

## TWENTY-EIGHTH DEFENSE

### (Cal. Lab. Code §§ 1194, 1197. 1197.1: Minimum Wages)
### (Cal. Lab. Code §§ 510, 1198: Overtime Wages)
### (Cal. Lab. Code § 204: Wages Owed)

Defendants paid Plaintiff at least the minimum wage for all hours worked and paid Plaintiff all overtime wages, calculated based on Plaintiff's regular rate of pay, as required by law. To the extent Plaintiff worked off-the-clock, Plaintiff did so in strict violation of Defendants' policies. Defendants did not know, and could not reasonably have known, that Plaintiff worked off-the-clock, and any such off-the-clock work was performed without Defendants' consent. Alternatively, any time Plaintiff spent on allegedly off-the-clock activities was de minimis and not compensable.

## TWENTY-NINTH DEFENSE

### (Consent)

Plaintiff by his words and deeds has consented to the alleged conduct by Defendants, and by reason of such consent, Plaintiff is barred from seeking or securing the relief prayed for in the Complaint and each of the causes of action therein.

## THIRTIETH DEFENSE

### (Acts/Omissions of Plaintiff)

Without conceding any acts of Defendants have caused damage to Plaintiff, Defendants allege that any and all events and happenings, loss, expenditures, and damage referred to in the Complaint were, either in whole or in part, directly and proximately caused by the acts/omissions of Plaintiff himself.

### THIRTY-FIRST DEFENSE

### (Privilege)

Any recovery on Plaintiff's Complaint or any cause of action is barred because Defendants' conduct was privileged and justified.

### THIRTY-SECOND DEFENSE

### (Offset)

Plaintiff's claims are offset by Plaintiff's conduct causing Defendants to sustain damage.

### THIRTY-THIRD DEFENSE

### (Failure to Mitigate)

Plaintiff has failed to mitigate or attempt to mitigate damages, if in fact any damages have been or will be sustained, and any recovery to Plaintiff must be diminished or barred by reason thereof.

### THIRTY-FOURTH DEFENSE

### (Outside Scope)

The acts of the fictiously named Does 1 through – were all undertaken outside the scope of their agency and/or employment with Defendants and without the knowledge and consent of Defendants such that Defendants may not be held liable.

### THIRTY-FIFTH DEFENSE

### (Legitimate Business Reason)

Defendants' actions were justified by a legitimate business reason.

### THIRTY-SIXTH DEFENSE

### (Breach of Duties)

Defendants, upon information and belief, allege that Plaintiff willfully breached his duties in the course of his employment in that he failed to conduct himself in a manner consistent with the rules, regulations, policies, and/or procedures of Defendants.

//
//

**DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

### THIRTY-SEVENTH DEFENSE

### (No Notice)

Defendants did not have actual or constructive notice of the alleged wrongful conduct of their subordinates.

### THIRTY-EIGHTH DEFENSE

### (Comparative Fault)

If any Defendant was negligent, the conduct of all other parties, both known and unknown, should be compared to determine the degree of fault, if any, between the parties.

### THIRTY-NINTH DEFENSE

### (Plaintiff's Misconduct)

Plaintiff's conduct concerning the matters alleged in the Complaint constitutes carelessness, negligence, misconduct, and/or bad faith, or Plaintiff was otherwise at fault, and the resulting injuries, if any, sustained by Plaintiff were proximately caused and contributed to, in whole or in part, by the conduct of Plaintiff.

### FORTIETH DEFENSE

### (Good Faith)

Defendants actions concerning the matters alleged in the Complaint, if any, were taken in good faith.

### FORTY-FIRST DEFENSE

### (Acts of Third Parties)

Any damages Plaintiff suffered were the result of acts of third parties.

### FORTY-SECOND DEFENSE

### (Cal. Labor Code Section 218.5)

Plaintiff's Complaint and each cause of action therein is barred, and Defendants are entitled to attorney's fees, because the action is brought in bad faith.

### FORTY-THIRD DEFENSE

### (Cal. Labor Code Section 203(a))

Plaintiff's fourth cause of action is barred because Plaintiff secreted or absented himself to avoid payment of final wages, and/or refused to receive the payment when fully tendered to him.

### FORTY-FOURTH DEFENSE

### (Right to Amend)

Defendants reserve the right to amend and/or add additional affirmative defenses that may become known to them in the future.

WHEREFORE, Defendants pray as follows:

1. That Plaintiff take nothing by reason of his Complaint and that judgment be rendered in favor of Defendants;

2. That Defendants be awarded their costs of suit and attorneys' fees incurred in defense of this action; and

3. For such other and further relief as the Court deems proper.

Dated: July 2, 2014                                         GONZALEZ SAGGIO & HARLAN LLP

_____
JOHN P. SCHAEDEL
REBECCA S. NEWMAN
Attorneys for Defendants

**DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

# PROOF OF SERVICE

STATE OF CALIFORNIA )
) ss.
COUNTY OF LOS ANGELES )

I reside in the County of Los Angeles, State of California. I am over the age of eighteen and not a party to the within action. My business address is 2 North Lake Avenue, Suite 930, Pasadena, CA 91101.

On July 2, 2014, I served the foregoing document(s) described as: **DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**, on the parties in this action as follows:

| | |
|---|---|
| Matthew J. Matern, Esq.<br>MATERN LAW GROUP<br>1230 Rosecrans Ave., Suite 200<br>Manhattan Beach, California 90266 | *Attorneys for Plaintiff*<br>HUMBERTO TAPIA |

/ / (BY MAIL) I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Pasadena, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

/X/ (BY PERSONAL SERVICE) I caused to be delivered by an authorized courier or driver of NATIONWIDE the documents listed above to be received and delivered on the same date by the person(s) listed below.

/ / (BY OVERNITE EXPRESS) I am readily familiar with the firm's practice for collection and processing correspondence by overnight delivery. Under that practice it would be deposited in a box or other facility regularly maintained by Overnite Express for overnight delivery.

/ / (BY FACSIMILE) This document was transmitted by using a facsimile machine that complies with the California Rules of Court rule 2.301, telephone number (626) 628-1725. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is on file at the firm. The names and facsimile numbers of the person(s) served are as set forth below.

/ / (BY EMAIL) By agreement of the parties, I sent a true copy thereof to the last known email address to the identified addresses below.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the above is true and correct. Executed on July 2, 2014, at Pasadena, California.

Tracy Vena